UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Joye R. Hilton,<br>Plaintiff,<br><br>v.<br><br>South Carolina Department of Behavioral<br>Health and Developmental Disabilities –<br>Office of Mental Health and State of South<br>Carolina,<br>Defendants. | CASE NO.: 5:26-cv-01495-JFA-MGB<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII") and Title 42, United States Code, Sections 1983; Title 29, United States Code, Section 794; and the Fourth and Fourteenth Amendments of the Constitution of the United States. The Court has subject matter jurisdiction of this action under Title 28, United States Code, Section 1331, as it arises under the Constitution and laws of the United States; and under Title 28, United States Code, Section 1343, as it seeks to redress civil rights violations. Plaintiff also brings state law claims arising out of the same events and occurrences, and the Court may exercise subject matter jurisdiction over these claims pursuant to Title 28, Unites States Code, Sections 1367 and Section 1391(b) because of all of the Defendants reside in the District of South Carolina and the events giving rise to the action occurred in this District.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of disability discrimination and retaliation was filed with the South Carolina Human Affairs Commission ("SCHAC").

    b. The Notification of the Right to Sue was received from SCHAC on or about December 30, 2025 and EEOC on or about January 15, 2026.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Joye R. Hilton, is a citizen and resident of the State of South Carolina and resides in Clarendon County, South Carolina.

4. Defendant, South Carolina Department of Behavioral Health and Developmental Disabilities – Office of Mental Health, upon information and belief, is a governmental entity organized and operating under the laws of the State of South Carolina.

5. Defendant, State of South Carolina, upon information and belief, if a governmental entity organized and operating under the laws of the State of South Carolina.

6. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

7. The Defendants are a "person" within the meaning of Title VII and the ADA.

8. The Defendants are an industry that affects commerce within the meaning of Title VII and the ADA.

9. The Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

10. This claim is also brought to remedy civil rights violations, as described under 42 U.S.C. §1983.

11. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

12. On or about October 17, 2024, the Plaintiff began working for Defendants as a Mental Health Professional. The Plaintiff was placed at Claflin University to provide counseling services to the students enrolled at the University.

13. The Plaintiff had previously been diagnosed with cancer, anxiety, and polyneuropathy and had notified Defendants on or about December 1, 2024. Because of these conditions, the Plaintiff is a person with a serious medical condition as defined by the ADA.

14. Prior to February 20, 2025, Plaintiff was assigned only to work one program.

15. On February 20, 2025, Plaintiff's supervisor notified Plaintiff that she was being assigned additional duties and to an additional program.

16. During the course of her employment, Plaintiff requested reasonable accommodation of only working one program instead of two. Plaintiff even provided Defendants with a doctor's note.

17. Despite Plaintiff suppling Defendants with this note, the Defendant required Plaintiff to work two programs, which created difficulty in Plaintiff being able to perform her job duties effectively.

18. On or about March 5, 2025 and on or about March 11, 2025, the Plaintiff formally requested the accommodation in writing to Human Resources for her to be able to only work on one program, which she was hired to do.

19. On or about March 11, 2025, the Plaintiff was called into a meeting with Human Resources, her supervisor, and the Executive Director. The Plaintiff attempted to explain her medical conditions and why she was requesting the accommodation, her supervisor stated that Plaintiff was being "self-defeating," and that Plaintiff has to meet their expectations without an accommodation.

20. In retaliation for requesting accommodation, the Plaintiff was terminated on or about March 13, 2025. The Plaintiff was approached by a Human Resources representative and her supervisor while she was at work at the University and began to read out loud a termination letter to Plaintiff.

21. The Defendants' representatives physically blocked Plaintiff in the office and did not allow her to leave.

22. Defendants' representatives waited for Plaintiff's appointment to be done and approached Plaintiff in a confined hallway with no exit, forcing Plaintiff to retreat to her former office, also with no exit.

23. Defendants' representatives repeatedly told Plaintiff she could not leave the property while she was in the office, prompting Plaintiff to call 911.

24. Only after Defendants' representatives were notified police were on the way, did they allow Plaintiff to leave the office.

25. Any stated reasons for Plaintiff's termination were pretextual in nature. Her termination, in reality, was discriminatory on the basis of her disability and in retaliation for requesting reasonable accommodation.

26. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

29. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendants' employ.

30. As a result of her disability, the Plaintiff requested reasonable accommodation of working only one program instead of two.

31. The Defendants declined, without just cause, to provide those accommodations to the Plaintiff.

32. The Defendants have also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. That as alleged above, Plaintiff is a disabled person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

35. Plaintiff's requested accommodation was made in good faith and constituted protected activity under the ADA.

36. Shortly after requesting said accommodation, the Defendants fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

37. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

38. The aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

39. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## FOR A THIRD CAUSE OF ACTION
### (Deliberate Indifference/Failure of Train, Pursuant to 42 U.S.C. §1983)

40. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41. The Plaintiff had, at the time of the violations alleged herein, clearly established rights under the United States Constitution and the South Carolina Constitution which state that "the right of the people to be secure in their persons, … papers, and effects, against unreasonable searches and seizures, shall not be violated" (U.S. Const. Amend. IV), and the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law" (*id*. at Amend. XIV).

42. Defendants are liable for the violations of Plaintiff's Fourth and Fourteenth Amendment rights because its policies, practices or customs amounted to deliberate indifference, directly causing deprivations of Plaintiff's Fourth and Fourteenth Amendment rights.

43. Defendants failed to train or supervise its agents and/or representatives, *inter alia*, as to what constitute reasonable seizures of employees.  These failures amount to deliberate indifference, directly causing the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights.

44. Defendants failed to take remedial action in response to complaints about constitutional violations perpetrated by its agents and/or representatives.  These failures evidence inadequate training and supervision, constitute a custom of constitutional violations, and amounts to deliberate indifference directly causing the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights.

45. The above-described misconduct of Defendants deprived the Plaintiff of her Fourth and Fourteenth Amendment right to be free from unreasonable seizures in violation of 42 U.S.C. §1983.

46. The above-described misconduct of Defendants occurred and caused the Plaintiff to be deprived of her rights, privileges and immunities secured by the United States Constitution, South Carolina laws and laws of the United States.

47. The policy of Defendants allowing inadequate training and supervision of its employees amounts to deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights, directly caused the deprivation of these rights, and proximately caused her damages.

## FOR A FOURTH CAUSE OF ACTION
### (Unlawful Seizure, Pursuant to 42 U.S.C. §1983)

48. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

49. In detaining Plaintiff, Defendants acted negligently, willfully, wantonly or in reckless disregard for the Plaintiff's protected rights pursuant the Fourth and Fourteenth Amendments of the United States Constitution and the South Carolina Code of Laws §16-5-60, as amended.

50. Defendants' acts and omissions were in violation of Plaintiff's protected rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the South Carolina Code of Laws §16-5-60, as amended.

51. Defendants detained Plaintiff without probable cause, without reasonable suspicion of wrongful activity and without a threat of danger to another person.  Defendants acted by planning, ordering, orchestrating, and executing the detainment of Plaintiff, which directly caused the deprivation of her constitutional rights.

52. Defendants failed to carry out the adopted policies and procedures of the State which were designed to perfect protections for individual rights.  Defendants made final decisions that were undertaken with malice, or in reckless, callous, or with willful disregard for and indifference to Plaintiff's Fourth and Fourteenth Amendment rights.

53. The above-described misconduct of Defendants occurred and caused the Plaintiff to be deprived of her rights, privileges and immunities secured by the United States Constitution, South Carolina laws and laws of the United States.

54. Defendants knew or should have known that its acts and omissions were in violation of Plaintiff's constitutionally protected rights, as there was no legitimate reason or purpose to detain, and subsequently confine Plaintiff without probable cause.

## FOR A FIFTH CAUSE OF ACTION
### (Negligence and Gross Negligence)

55. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

56. Defendants were negligent, grossly negligent, willful, wanton and reckless in the following particulars:

- a) In failing to follow proper procedure for detaining an employee;
- b) In failing to use the degree of care of an ordinary and reasonable person under the same or similar circumstances;
- c) In depriving the Plaintiff of liberty and property in violation of due process and her civil rights, and in violation of 42 U.S.C. §1983 and of South Carolina Code Section §16-5-60;
- d) In failing to carry out the adopted policies and procedures of the State; and
- e) In failing to provide adequate training and supervision of its employees.

57. Defendants were negligent, wanton, reckless or acted with deliberate indifference in the following particulars:

- a) In failing to institute and follow reasonable hiring practices to insure that only qualified applicants were hired;
- b) In failing to adequately monitor and supervise its hiring practices to insure that only qualified applicants were hired;
- c) In failing to adequately monitor and supervise the training practices with regard to personnel;
- d) In failing to adequately train personnel in public interaction, dispute resolution, and proper detainment procedure;

e)    In failing to supervise and correct actions of employees when they knew or should have known that a pattern of questionable and unconstitutional practices and behavior existed;

f)    In failing to carry out the adopted policies and procedures of the State;

g)    In failing to provide adequate training and supervision to its employees; and

h)    In such other and further particulars as discovery will show.

## **REQUEST FOR RELIEF**

58. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

59. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1.    Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable;

2.    Judgment in favor of the Plaintiff and against the Defendants for back pay and associated benefits in such an amount to be determined by the trier of fact;

3.    Judgment in favor of the Plaintiff and against the Defendants for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4.    Judgment in favor of the Plaintiff and against the Defendants for prejudgment interest;

5.    Judgment in favor of the Plaintiff and against the Defendants for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6.    Judgment in favor of the Plaintiff and against the Defendants for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

*(Signature on following page)*

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
April 9, 2026.